# EXHIBIT A

Case 1:21-cv-04498-DG-RML Document 1-1 Filed 08/10/21 Page 2 of 36 PageID #: 8

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Index No.:

_____

Date Filed:

DONNELL WILLIAMS,

                 Plaintiff,

Plaintiff designates KINGS
County as the place of trial.

   -against-

**SUMMONS**

UBER TECHNOLOGIES, INC., UBER USA, LLC and
RAISER-NY, LLC.,

The basis of venue is
Plaintiff's residence:

                Defendant.

107 MacDonough, #5
Brooklyn, NY 11216

_____

**To the above-named Defendants:**

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a

copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons,

exclusive of the day of service of this summons, or within 30 days after service of this summons is

complete if this summons is not personally delivered to you within the State of New York.

     In case of your failure to answer this summons, a judgment by default will be taken against

you for the relief demanded in the complaint, together with the costs of this action.

Dated: Astoria, New York
       June 25, 2021

_____
**By: Kurt Doiron, Esq.**
**SACCO & FILLAS, LLP**
*Attorneys for Plaintiff*
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: (718) 746-3440
Our File # 21369-18

SACCO & FILLAS, LLP

Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 3 of 36 PageID #: 9

**DEFENDANTS**:

UBER TECHNOLOGIES, INC.
c/o CT CORPORATION SYSTEM
28 Liberty Street
New York, NY 10005

UBER USA, LLC
1455 Market Street
4th Floor
San Francisco, CA 94103

RAISER-NY, LLC
1455 Market Street
4th Floor
San Francisco, CA 94103

LYFT, INC.
c/o CT CORPORATION SYSTEM
28 Liberty Street
New York, NY 10005

**FORWARD THIS IMMEDIATELY TO YOUR ATTORNEY OR INSURANCE COMPANY**

SACCO & FILLAS, LLP

Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 4 of 36 PageID #: 10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

DONNELL WILLIAMS,

                    Plaintiff,

      -against-

UBER TECHNOLOGIES, INC., UBER USA, LLC and
RASIER-NY, LLC.,

                Defendant.

Index No.:

**VERIFIED COMPLAINT**

---

      Plaintiff, by his attorneys, SACCO & FILLAS, LLP, as and for his Verified Complaint, respectfully alleges, upon information and belief:

      1.     The plaintiff, DONNELL WILLIAMS, at all times herein mentioned was and still is a resident of the County of Kings and the State of New York.

      2.     VICTOR A. ALMANZAR CUEVAS, at all times herein mentioned was and still is a resident of the County of Kings and the State of New York.

      3.     VICTOR A. ALMANZAR CUEVAS, at all times herein mentioned was and still is a resident of the County of Kings and the State of New York, residing at 463 Classon Avenue, Apt. #1, Brooklyn, NY 11238.

      4.     On or about July 17, 2018, plaintiff was the operator of a certain automobile, bearing license plate number T762110C.

      5.     On or about July 17, 2018, VICTOR A. ALMANZAR CUEVAS, was the registered owner of a certain automobile, bearing license plate number T756387C.

      6.     On or about July 17, 2018, VICTOR A. ALMANZAR CUEVAS, was the titled owner of a certain automobile, bearing license plate number T756387C.

SACCO & FILLAS, LLP

7.    On or about July 17, 2018, VICTOR A. ALMANZAR CUEVAS, was the lessee of a certain automobile, bearing license plate number T756387C.

8.    On or about July 17, 2018, VICTOR A. ALMANZAR CUEVAS, was the lessor of a certain automobile, bearing license plate number T756387C.

9.    On or about July 17, 2018, VICTOR A. ALMANZAR CUEVAS, maintained a certain automobile, bearing license plate number T756387C.

10.    On or about July 17, 2018, VICTOR A. ALMANZAR CUEVAS, controlled a certain automobile, bearing license plate number T756387C.

11.    On or about July 17, 2018, VICTOR A. ALMANZAR CUEVAS, was the operator of a certain automobile, bearing license plate number T756387C.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS UBER TECHNOLOGIES, INC., UBER USA, LLC and RAISER-NY, LLC.

12.    Plaintiff, DONNELL WILLIAMS, repeats and realleges each and every allegation contained in this Complaint as if fully set forth at length herein.

13.    At all times herein mentioned, Defendant, UBER TECHNOLOGIES, INC. (hereinafter "UBER") was and still is a foreign corporation organized and existing under the laws of the State of New York with its principal place of business at 1455 Market Street, San Francisco, CA 94103.

14.    At all times herein mentioned, Defendant, UBER USA, LLC, (hereinafter "UBER USA") was and still is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 1455 Market Street, San Francisco, CA 94103.

15.    At all times herein mentioned, Defendant, UBER USA, was and still is a wholly owned subsidiary of Defendant, UBER.

SACCO & FILLAS, LLP

Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 6 of 36 PageID #: 12

16.      At all times herein mentioned, Defendant, RASIER-NY, LLC. (hereinafter "RASIER-NY") was and still is a foreign limited liability company organized and existing under the laws of the State of New York.

17.      At all times herein mentioned, Defendant, RASIER-NY, was and still is a limited liability company organized and existing under the laws of the State of New York with its principal place of business at 636 28th Street, 3rd Floor, New York, NY 10001.

18.      At all times herein mentioned, Defendant, RASIER-NY was and still is a wholly owned subsidiary of Defendant, UBER.

19.      Upon information and belief, at all times herein mentioned, UBER was and still is the owner of a certain 2018 Toyota motor vehicle bearing New York license registration number T756387C (hereinafter "Defendants' car").

20.      That Defendant, UBER, regularly does, or solicits, business in the State of New York.

21.      That Defendant, UBER, received substantial revenue from goods used or consumed or service rendered in the State of New York.

22.      That the Defendant, UBER, expected or should reasonably have expected its acts to have consequence in the State of New York.

23.      That the Defendant, UBER, derived substantial revenue from interstate or international commerce.

24.      That Defendant, UBER USA, regularly does, or solicits, business in the State of New York.

25.      That the Defendant, UBER USA, derived substantial revenue from interstate or international commerce.

26.      That Defendant, UBER USA, received substantial revenue from goods used or

SACCO & FILLAS, LLP

Case 1:21-cv-04498-DG-RML Document 1-1 Filed 08/10/21 Page 7 of 36 PageID #: 13

consumed or service rendered in the State of New York.

27.     That the Defendant, UBER USA, expected or should reasonably have expected its acts to have consequence in the State of New York.

28.     That Defendant, UBER USA, engaged individuals to operate motor vehicles as livery drivers.

29.     That Defendant, UBER USA, engaged VICTOR A. ALMANZAR CUEVAS to operate a motor vehicle as a livery driver.

30.     That Defendant, RASIER-NY, regularly does, or solicits, business in the State of New York.

31.     That Defendant, RASIER-NY, received substantial revenue from goods used or consumed or service rendered in the State of New York.

32.     That the Defendant, RASIER-NY, expected or should reasonably have expected its acts to have consequence in the State of New York.

33.     That the Defendant, RASIER-NY, derived substantial revenue from interstate or international commerce.

34.     That the Defendant, RASIER-NY engaged individuals to operate motor vehicles as livery drivers.

35.     That the Defendant, RASIER-NY engaged VICTOR A. ALMANZAR CUEVAS to operate a motor vehicle as a livery driver.

36.     That VICTOR A. ALMANZAR CUEVAS was in the employ of the Defendant, UBER TECHNOLOGIES, INC on July 17, 2018.

37.     On July 17, 2018, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was the operator of the Defendants' car.

SACCO & FILLAS, LLP

Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 8 of 36 PageID #: 14

38.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated, maintained, controlled, and repaired Defendants' car pursuant to a written agreement with Defendant, UBER, wherein VICTOR A. ALMANZAR CUEVAS acted as an agent of Defendant, UBER.

39.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated, maintained, controlled, and repaired Defendants' car pursuant to a written agreement with Defendant, UBER USA, wherein VICTOR A. ALMANZAR CUEVAS acted as an employee of Defendant, UBER.

40.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated, maintained, controlled, and repaired Defendants' car pursuant to a written agreement with Defendant, UBER, wherein VICTOR A. ALMANZAR CUEVAS acted as an agent of Defendant, UBER USA.

41.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated, maintained, controlled, and repaired Defendants' car pursuant to a written agreement with Defendant, UBER USA, wherein VICTOR A. ALMANZAR CUEVAS acted as an employee of Defendant, UBER USA.

42.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car as an agent of Defendant, RASIER-NY.

43.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car as an employee of Defendant, RASIER-NY.

44.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car as an employee of Defendant, UBER.

45.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR

SACCO & FILLAS, LLP

CUEVAS operated Defendants' car as an agent of Defendant, UBER.

46.    Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car as an agent of Defendant, UBER USA.

47.    Upon information and belief on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' UBER USA's car as an employee of Defendant, UBER USA.

48.    Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car pursuant to a written agreement with Defendant, UBER USA, wherein VICTOR A. ALMANZAR CUEVAS acted as an agent of Defendant, UBER USA.

49.    Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car pursuant to a written agreement with Defendant, UBER USA, wherein VICTOR A. ALMANZAR CUEVAS acted as an employee of Defendant, UBER USA.

50.    Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car as an employee of Defendant, UBER USA.

51.    Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car as an agent of Defendant, UBER USA.

52.    Upon information and belief, on or before July 17, 2018, Defendant VICTOR A. ALMANZAR CUEVAS operated, maintained, controlled, and repaired Defendants' car pursuant to a written agreement with Defendant, RASIER-NY, wherein VICTOR A. ALMANZAR CUEVAS acted as an agent of Defendant, RASIER-NY.

53.    Upon information and belief, on or before July 17, 2018, Defendant VICTOR A. ALMANZAR CUEVAS operated, maintained, controlled, and repaired Defendants' car pursuant to a written agreement with Defendant, RASIER-NY, wherein VICTOR A. ALMANZAR CUEVAS acted as an employee of Defendant, RASIER-NY.

54.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car as an agent of Defendant, RASIER-NY.

55.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car as an employee of Defendant, RASIER-NY.

56.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS received express or implied authorization and consent to operate Defendants' car.

57.     Upon information and belief, at all times herein mentioned, Defendant, UBER, was and still is doing business in the State of New York.

58.     Upon information and belief, at all times herein mentioned, Defendant, UBER, derived substantial revenue from doing business in the State of New York.

59.     Upon information and belief, at all times herein mentioned, Defendant, UBER, engages individuals, like VICTOR A. ALMANZAR CUEVAS, as livery drivers.

60.     Upon information and belief, at all times herein mentioned, Defendant, UBER, engaged VICTOR A. ALMANZAR CUEVAS as a livery driver in the State of New York.

61.     Upon information and belief, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was an employee, agent or servant of Defendant, UBER.

62.     Upon information and belief, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was an employee, agent or servant of Defendant, UBER.

63.     Upon information and belief at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was operating Defendants' car in furtherance of the business of and in the scope of his employment and/or agency with Defendant, UBER.

64.     Upon information and belief, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was an agent of Defendant, UBER.

Case 1:21-cv-04498-DG-RML Document 1-1 Filed 08/10/21 Page 11 of 36 PageID #: 17

65.     Upon information and belief, at all times herein mentioned, Defendant, UBER, was vicariously liable for the negligence of VICTOR A. ALMANZAR CUEVAS.

66.     Upon information and belief, at all times herein mentioned, Defendant, UBER USA, was and still is doing business in the State of New York.

67.     Upon information and belief, at all times herein mentioned, Defendant, UBER USA, derived substantial revenue from doing business in the State of New York.

68.     Upon information and belief, at all times herein mentioned, Defendant, UBER USA, engages individuals, like VICTOR A. ALMANZAR CUEVAS, as livery drivers.

69.     Upon information and belief, at all times herein mentioned, Defendant, UBER USA, engaged VICTOR A. ALMANZAR CUEVAS as a livery driver in the State of New York.

70.     Upon information and belief, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was an employee, agent or servant of Defendant, UBER USA.

71.     Upon information and belief, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was operating Defendants' car in furtherance of the business of and in the scope of its employment and/or agency with Defendant, UBER USA.

72.     Upon information and belief, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was an agent of Defendant, UBER USA.

73.     Upon information and belief, at all times herein mentioned, Defendant, UBER USA, was vicariously liable for the negligence of VICTOR A. ALMANZAR CUEVAS.

74.     Upon information and belief, at all times herein mentioned, Defendant, RASIER-NY, was and still is doing business in the State of New York.

75.     Upon information and belief, at all times herein mentioned, Defendant, RASIER-NY, derived substantial revenue from doing business in the State of New York.

SACCO & FILLAS, LLP

76. Upon information and belief, at all times herein mentioned, Defendant, RASIER-NY, engages individuals, like VICTOR A. ALMANZAR CUEVAS as livery drivers.

77. Upon information and belief, at all times herein mentioned, Defendant, RASIER-NY, engaged VICTOR A. ALMANZAR CUEVAS as a livery driver in the State of New York.

78. Upon information and belief, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was an employee, agent or servant of Defendant, RASIER-NY.

79. Upon information and belief, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was operating Defendants' car in furtherance of the business of and in the scope of its employment and/or agency with Defendant, RASIER-NY.

80. Upon information and belief, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was operating Defendants' car in furtherance of the business and in the scope of his employment and/or agency with Defendant, RASIER-NY.

81. Upon information and belief, at all times herein mentioned, VICTOR A. ALMANZAR CUEVAS was an agent of Defendant, RASIER-NY.

82. Upon information and belief, at all times herein mentioned, Defendant, RASIER-NY, was vicariously liable for the negligence of VICTOR A. ALMANZAR CUEVAS.

83. Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car in the capacity of a livery vehicle for Defendant, UBER, an international company providing car services "on demand" for millions of riders annually.

84. Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS paid for and downloaded proprietary UBER software that enabled him to communicate with and transport UBER's passengers also using Defendant, UBER's, proprietary software.

85. Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR

CUEVAS operated Defendants' car in the capacity of a livery vehicle for Defendant, UBER USA, an international company providing car services "on demand" for millions of riders annually.

86.    Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS paid for and downloaded proprietary UBER USA software that enabled him to communicate with and transport UBER USA's passengers also using Defendant, UBER USA' s, proprietary software.

87.    Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated Defendants' car in the capacity of a livery vehicle for Defendant, RASIER-NY, an international company providing car services 'on demand" for millions of riders annually.

88.    Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS paid for and downloaded proprietary software of Defendant, RASIER-NY, that enabled him to communicate with and transport RASIER-NY's passengers also using Defendant, RASIER-NY's, proprietary software.

89.    Defendants, UBER, UBER USA, and RASIER-NY, enter into contracts with drivers so that drivers can use Defendants' software applications to perform their functions as drivers for Defendants UBER, UBER USA, and RASIER-NY.

90.    Defendants, UBER, UBER USA, and RASIER-NY, function as a single enterprise.

91.    Defendants, UBER, UBER USA, and RASIER-NY, facilitate the employment of vehicle owners by Defendant, UBER.

92.    Defendants, UBER, UBER USA, and RASIER-NY, enter into contracts that enable vehicle owners to use Defendant, UBER's software.

93.    Upon information and belief, on or before July 17, 2018, Defendants UBER USA and RASIER-NY, entered contracts with drivers to use UBER software. Without the UBER software,

SACCO & FILLAS, LLP

Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 14 of 36 PageID #: 20

drivers like VICTOR A. ALMANZAR CUEVAS could not become UBER drivers or perform their functions as UBER drivers.

94.     Without UBER's software, vehicle owners, like VICTOR A. ALMANZAR CUEVAS, could not use their vehicles as UBER vehicles or accept passengers using UBER software to request UBER rides.

95.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS entered into a contract with Defendant, UBER, enabling Defendant VICTOR A. ALMANZAR CUEVAS to operate Defendants' car as an UBER vehicle using UBER software and receiving UBER requests for UBER rides by UBER passengers.

96.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS entered into a contract with Defendant, UBER USA, enabling VICTOR A. ALMANZAR CUEVAS to operate Defendants' car as an UBER vehicle using UBER software and receiving UBER requests for UBER rides by UBER passengers.

97.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS entered into a contract with Defendant, RASIER-NY, enabling No to operate Defendants' car as an UBER vehicle and access UBER software enabling VICTOR A. ALMANZAR CUEVAS to receive UBER requests for UBER rides from UBER passengers.

98.     Upon information and belief, on or before, July 17, 2018, Defendants, UBER USA and RASIER-NY, facilitated the employment of drivers by Defendant, UBER.

99.     Upon information and belief, on or before, July 17, 2018, Defendants, UBER USA and RASIER-NY, entered contracts with drivers to use UBER software. Without the UBER software, drivers like could not become UBER drivers or perform their functions as UBER drivers.

100.     Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR

SACCO & FILLAS, LLP

CUEVAS entered into a contract with Defendant, UBER, that enabled to operate Defendants' car as an UBER vehicle and access UBER software enabling Defendant VICTOR A. ALMANZAR CUEVAS to receive UBER requests for UBER rides by UBER passengers

101. Upon information and belief, on or before July 17, 2018, Defendant VICTOR A. ALMANZAR CUEVAS entered into a contract with Defendant, UBER USA, that enabled Defendant VICTOR A. ALMANZAR CUEVAS to operate Defendants' car as an UBER vehicle and access UBER software enabling Defendant VICTOR A. ALMANZAR CUEVAS to receive UBER requests for UBER rides by UBER passengers.

102. Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS entered into a contract with Defendant, RASIER-NY, enabling Defendant VICTOR A. ALMANZAR CUEVAS to operate Defendants' car as an UBER vehicle and access UBER software enabling VICTOR A. ALMANZAR CUEVAS to receive UBER requests for UBER rides by UBER passengers.

103. Upon information and belief, on or before July 17, 2018, Defendant, UBER USA licensed mobile application technology from Defendant, UBER, and arranged for drivers to use the application.

104. Upon information and belief, on or before July 17, 2018, Defendant, RAISER-NY, licensed mobile application technology from Defendant, UBER, and arranged for drivers to use the application.

105. Upon information and belief on or before July 17, 2018, Defendants UBER, UBER USA, and RASIER-NY, are named as insureds and/or additional insureds on liability insurance policies covering the operation of UBER vehicles by UBER drivers under contract with UBER USA, and RASIER-NY.

106. Defendants, UBER USA and RASIER-NY, issue receipts to UBER drivers upon bringing UBER passengers to their destinations.

107. Defendants, UBER USA and RASIER-NY, coordinate payments to drivers, like VICTOR A. ALMANZAR CUEVAS.

108. Without the activities of Defendant, UBER's wholly-owned subsidiaries, UBER USA and RASIER-NY, Defendant, UBER, could not engage in its transportation business.

109. Defendant, UBER, dominates and controls the activities of Defendants UBER USA and RASIER-NY, with respect to the employment and management of UBER drivers, licensing of UBER software and the entire process whereby UBER drivers transport UBER passengers using "UBER."

110. Defendants, UBER, UBER USA, and RASIER-NY, serve as representatives, agents, joint venture participants or alter egos of each other.

111. Defendants, UBER, UBER USA, and RASIER-NY, operated and continue to operate in concert to manage promote and sell the business of a transportation network.

112. Defendants, UBER USA and RASIER-NY, are undercapitalized and rely upon the financial resources of Defendant, UBER, to function.

113. At all relevant times, the finances of Defendants, UBER USA and RASIER-NY, are intermingled with the finances of Defendant, UBER.

114. At all relevant times, Defendants, UBER USA and RASIER-NY, obtain the funding to operate from their parent company and sole member, Defendant, UBER.

115. Defendants, UBER USA and RASIER-NY, are alter egos of their parent, Defendant, UBER.

116. It would be inequitable and unjust to impose any real distinction between Defendants,

Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 17 of 36 PageID #: 23

UBER, UBER USA, and RASIER-NY.

117.    Defendants, UBER, UBER USA, and RASIER-NY, function as a single enterprise, with joint economic budgetary and operational planning.

118.    Upon information and belief, on or before July 17, 2018, VICTOR A. ALMANZAR CUEVAS was an employee, agent or servant of Defendants, UBER, UBER USA, and RASIER-NY.

119.    Defendants UBER, UBER USA, and RASIER-NY, controlled the manner in which provided services as an UBER driver.

120.    Without Defendants, UBER, UBER USA, and RASIER-NY's, permission to use proprietary software which provided passengers for fares, would not have been able to serve as an UBER driver.

121.    As an UBER driver, VICTOR A. ALMANZAR CUEVAS was subject to the control of Defendants, UBER, UBER USA, and RASIER-NY, through their policies, procedures and proprietary software.

122.    Defendants, UBER, UBER USA, and RASIER-NY, required that VICTOR A. ALMANZAR CUEVAS post a sign with the logo "UBER" on it so that it was viewable from outside of Defendants' car to passersby pedestrians and UBER customers/riders.

123.    Utilizing proprietary software, Defendants, UBER, UBER USA, and RASIER-NY, controlled and limited the geographic range or "territory" in which VICTOR A. ALMANZAR CUEVAS could operate as an UBER driver.

124.    By agreement with UBER drivers, a driver's "territory' means the city or metro area in the United States in which he or she is enabled by the "Drive App' to receive requests for

FILED: KINGS COUNTY CLERK 06/30/2021 03:56 PM                    INDEX NO. 516094/2021

NYSCEF DOC. NO. 1        Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 18 of 36 PageID #: 24                    RECEIVED NYSCEF: 06/30/2021

transportation services.

126.    VICTOR A. ALMANZAR CUEVAS worked for Defendants, UBER, UBER USA, and RASIER-NY, pursuant to a contract and worked pursuant to that contract on the date and time of the subject accident.

127.    Defendants, UBER, UBER USA, and RASIER-NY, developed, distributed and relied upon proprietary software program(s) to operate their transportation business.

128.    Defendants, UBER, UBER USA, and RASIER-NY, dictated how VICTOR A. ALMANZAR CUEVAS was to use their software program(s) to carry out his work as an UBER driver.

129.    As an UBER driver, VICTOR A. ALMANZAR CUEVAS had to transport the passengers who summoned him via the Defendants, UBER, UBER USA, and RASIER-NY's, proprietary software.

130.    VICTOR A. ALMANZAR CUEVAS's contract with Defendants, UBER, UBER USA, and RASIER-NY, prohibited him from declining a fare based upon the requested destination.

131.    Through operation of the "UBER" software application, VICTOR A. ALMANZAR CUEVAS was not even advised of a new passenger's destination until that passenger was picked up.

132.    Defendants, UBER, UBER USA, and RASIER-NY, conduct background checks of candidates before allowing them to serve as UBER drivers.

133.    Defendants, UBER, UBER USA, and RASIER-NY, do not require that their drivers have unique skills of the type that independent contractors would.

134.    At the same time, Defendants, UBER, UBER USA, and RASIER-NY, provide uniform training to their drivers.

135.    Defendants, UBER, UBER USA, and RASIER-NY, assist all of their drivers in

Case 1:21-cv-04498-DG-RML    Document 1-1    Filed 08/10/21    Page 19 of 36 PageID #: 25

securing the needed clearance and licenses to drive.

136.    In New York City, for example, Defendants, UBER, UBER USA, and RASIER-NY, assist their drivers in securing licenses from the City Taxi and Limousine Commission ("TLC").

137.    Defendants, UBER, UBER USA, and RASIER-NY, provide defensive driving courses required by TLC free of charge to prospective drivers.

138.    Defendants, UBER, UBER USA, and RASIER-NY, provide their drivers with a medical examination mandated by TLC.

139.    Defendants, UBER, UBER USA, and RASIER-NY, required that VICTOR A. ALMANZAR CUEVAS maintain liability insurance at minimum levels required by state and local law.

140.    To entice drivers, Defendants UBER, UBER USA, and RASIER-NY, offer guaranteed monthly wages.

141.    Defendants, UBER, UBER USA, and RASIER-NY, compensated VICTOR A. ALMANZAR CUEVAS based upon UBER rides he provided to Defendant, UBER's, customers/riders.

142.    Defendants, UBER, UBER USA, and RASIER-NY, dictated how much compensation VICTOR A. ALMANZAR CUEVAS was to receive from a ride.

143.    VICTOR A. ALMANZAR CUEVAS, while working as an UBER driver, could not dictate the price of a passenger's trip.

144.    Defendants, UBER, UBER USA, and RASIER-NY, dictated the rates that passengers transported by VICTOR A. ALMANZAR CUEVAS were charged.

145.    Defendants, UBER, UBER USA, and RASIER-NY, may change rates at any time, and advise their drivers that they reserve the right to do so.

146.    Defendants, UBER, UBER USA, and RASIER-NY, provided the electronic means by which passengers would request to travel with UBER, using VICTOR A. ALMANZAR CUEVAS as a driver.

147.    Defendants, UBER, UBER USA, and RASIER-NY, provide UBER passengers with the opportunity to review and "rate" UBER drivers, such as VICTOR A. ALMANZAR CUEVAS. Ratings and reviews are completed utilizing proprietary software, accessed by the passengers via smartphone or computer.

148.    Defendants, UBER, UBER USA, and RASIER-NY, require that UBER drivers such as VICTOR A. ALMANZAR CUEVAS, maintain what they call a "rating" from passengers. If UBER drivers do not maintain such rating, they lose access to Defendants UBER, UBER USA, and RASIER-NY's, proprietary software, and accordingly, the ability to earn money from transporting passengers.

149.    Accordingly, Defendants, UBER, UBER USA, and RASIER-NY, set the terms and conditions of VICTOR A. ALMANZAR CUEVAS's services as an UBER driver and must be considered to be his employer for the purposes of assessing and imposing vicarious liability.

150.    On or about July 17, 2018, Plaintiff, DONNELL WILLIAMS, was the operator of a certain Nissan motor vehicle, bearing NY State license plate number T762110C.

151.    On or about July 17, 2018, VICTOR A. ALMANZAR CUEVAS was the operator of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

152.    On or about July 17, 2018, Herkimer Street & Williams Place, in the County of Kings and State of NY, was a public roadway.

153.    On or about July 17, 2018, UBER, was the registered owner of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

SACCO & FILLAS, LLP

Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 21 of 36 PageID #: 27

154.    On or about July 17, 2018, UBER, was the titled owner of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

155.    On or about July 17, 2018, UBER, was the lessee of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

156.    On or about July 17, 2018, UBER, was the lessor of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

157.    On or about July 17, 2018, UBER, maintained a certain Toyota motor vehicle, bearing New York license plate number T756387C.

158.    On or about July 17, 2018, UBER, controlled a certain Toyota motor vehicle, bearing New York license plate number T756387C.

159.    On or about July 17, 2018, the Toyota motor vehicle bearing New York license plate number T756387C, owned by Defendant, UBER, and operated by VICTOR A. ALMANZAR CUEVAS with the express knowledge, consent and/or on the business of its owner.

160.    On or about July 17, 2018, the Toyota motor vehicle bearing New York license plate number T756387C was being operated by VICTOR A. ALMANZAR CUEVAS while in the course of his employment with Defendant, UBER.

161.    On or about July 17, 2018, the Toyota motor vehicle being owned by the Defendant, UBER, and operated by VICTOR A. ALMANZAR CUEVAS came in contact with the motor vehicle operated by the plaintiff, DONNELL WILLIAMS, on Herkimer Street & Williams Place in the County of Kings and State of New York.

162.    On or about July 17, 2018, UBER USA, was the registered owner of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

163.    On or about July 17, 2018, UBER USA, was the titled owner of a certain Toyota motor

vehicle, bearing New York license plate number T756387C.

164.   On or about July 17, 2018, UBER USA, was the lessee of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

165.   On or about July 17, 2018, UBER USA, was the lessor of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

166.   On or about July 17, 2018, UBER USA, maintained a certain Toyota motor vehicle, bearing New York license plate number T756387C.

167.   On or about July 17, 2018, UBER USA, controlled a certain Toyota motor vehicle, bearing New York license plate number T756387C.

168.   On or about July 17, 2018, the Toyota motor vehicle bearing New York license plate number T756387C, owned by Defendant, UBER USA, and operated by VICTOR A. ALMANZAR CUEVAS with the express knowledge, consent and/or on the business of its owner.

169.   On or about July 17, 2018, the Toyota motor vehicle bearing New York license plate number T756387C was being operated by the VICTOR A. ALMANZAR CUEVAS while in the course of his employment with Defendant, UBER USA.

170.   On or about July 17, 2018, the Toyota motor vehicle being owned by the Defendant, UBER USA, and operated by VICTOR A. ALMANZAR CUEVAS came in contact with the motor vehicle operated by the plaintiff, DONNELL WILLIAMS, on Herkimer Street & Williams Place in the County of Kings and State of New York.

171.   On or about July 17, 2018, RASIER-NY, was the registered owner of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

172.   On or about July 17, 2018, RASIER-NY, was the titled owner of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

FILED: KINGS COUNTY CLERK 06/30/2021 03:56 PM INDEX NO. 516094/2021

NYSCEF DOC. NO. 1
Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 23 of 36 PageID #: 29
RECEIVED NYSCEF: 06/30/2021

173.    On or about July 17, 2018, RASIER-NY, was the lessee of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

174.    On or about July 17, 2018, RASIER-NY, was the lessor of a certain Toyota motor vehicle, bearing New York license plate number T756387C.

175.    On or about July 17, 2018, RASIER-NY, maintained a certain Toyota motor vehicle, bearing New York license plate number T756387C.

176.    On or about July 17, 2018, RASIER-NY, controlled a certain Toyota motor vehicle, bearing New York license plate number T756387C.

177.    On or about July 17, 2018, the Toyota motor vehicle bearing New York license plate number T756387C, owned by Defendant, RASIER-NY, and operated by VICTOR A. ALMANZAR CUEVAS with the express knowledge, consent and/or on the business of its owner.

178.    On or about July 17, 2018, the Toyota motor vehicle bearing New York license plate number T756387C was being operated by VICTOR A. ALMANZAR CUEVAS while in the course of his employment with Defendant, RASIER-NY.

179.    On or about July 17, 2018, the Toyota motor vehicle being owned by the Defendant, RASIER-NY, and operated by VICTOR A. ALMANZAR CUEVAS came in contact with the motor vehicle operated by the plaintiff, DONNELL WILLIAMS, on Herkimer Street & Williams Place in the County of Kings and State of New York.

180.    Solely as a result of the Defendants' negligence, carelessness and recklessness the plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the plaintiff was subjected to great physical pain and mental anguish.

181.    The aforesaid occurrence was caused by the negligence of the Defendant, without any culpable conduct on the part of the plaintiff.

182.    As a result of the foregoing, the plaintiff sustained serious personal injuries as defined in Section 5102(d) of the Insurance Law of the State of New York, and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

183.    This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

184.    Due to Defendants' negligence, plaintiff, DONNELL WILLIAMS, is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION

185.    Plaintiff, DONNELL WILLIAMS, repeats and realleges each and every allegation contained in this Complaint as if fully set forth at length herein.

186.    On or about July 17, 2018, Defendant, UBER, negligently entrusted its Toyota motor vehicle to VICTOR A. ALMANZAR CUEVAS who the Defendant, UBER, knew or should have known was incompetent and untrained to operate the Toyota motor vehicle belonging to the Defendant, UBER.

187.    Due to the Defendants' negligence, plaintiff DONNELL WILLIAMS is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION

188.    Plaintiff, DONNELL WILLIAMS, repeats and realleges each and every allegation contained in this Complaint as if fully set forth at length herein.

SACCO & FILLAS, LLP

Case 1:21-cv-04498-DG-RML Document 1-1 Filed 08/10/21 Page 25 of 36 PageID #: 31

189. On or about July 17, 2018, Defendant, UBER USA, negligently entrusted its Toyota motor vehicle to VICTOR A. ALMANZAR CUEVAS who the Defendant, UBER USA, knew or should have known was incompetent and untrained to operate the Toyota motor vehicle belonging to the Defendant, UBER USA.

190. Due to the Defendants' negligence, plaintiff DONNELL WILLIAMS is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION

191. Plaintiff, DONNELL WILLIAMS, repeats and realleges each and every allegation contained in this Complaint as if fully set forth at length herein.

192. On or about July 17, 2018, Defendant, RASIER-NY, negligently entrusted its Toyota motor vehicle to VICTOR A. ALMANZAR CUEVAS who the Defendant, RASIER-NY, knew or should have known was incompetent and untrained to operate the Toyota motor vehicle belonging to the Defendant, RASIER-NY.

193. Due to the Defendants' negligence, plaintiff DONNELL WILLIAMS is entitled to damages in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH CAUSE OF ACTION
## AGAINST THE DEFENDANT, LYFT, INC.

194. That the plaintiff, DONNELL WILLIAMS, repeats, reiterates and realleges, each and every allegation contained in paragraph 1 through 193 of this complaint; with the same force and effect as if more fully set forth at length herein.

SACCO & FILLAS, LLP

195.    Defendant, LYFT, INC., was and still is a foreign business corporation duly licensed to do business in the State of New York.

196.    Defendant, LYFT, INC., was and still is doing business in the State of New York.

197.    At all relevant times, defendant, LYFT, INC., engaged in business in the State of New York.

198.    At all relevant times, defendant, LYFT, INC., engaged individuals to operate motor vehicles as livery drivers.

199.    At all relevant times, defendant, LYFT, INC., engaged VICTOR A. ALMANZAR CUEVAS, to operate motor a vehicle as a livery driver.

200.    At all times herein mentioned, VICTOR A. ALMANZAR CUEVAS, was the owner of a Toyota motor vehicle bearing New York license plate number T756387C

201.    At all times herein mentioned, the plaintiff, DONNELL WILLIAMS, was a driver of a Nissan motor vehicle, bearing NY State license plate number T762110C.

202.    At all times herein mentioned, the plaintiff, DONNELL WILLIAMS, was a driver of a Nissan motor vehicle, bearing NY State license plate number T762110C, as an employee of Defendant, LYFT, INC.

203.    At all times hereinafter mentioned, VICTOR A. ALMANZAR CUEVAS, operated said motor vehicle on or about July 17, 2018, at Herkimer Street & Williams Place, in the County of Kings and State of NY.

204.    At all relevant times, VICTOR A. ALMANZAR CUEVAS, was in the employ of Defendant, LYFT, INC.

205.    At all relevant times, VICTOR A. ALMANZAR CUEVAS, was an agent of Defendant, LYFT, INC.

206. At all times herein mentioned, VICTOR A. ALMANZAR CUEVAS, operated and controlled the aforesaid Toyota motor vehicle bearing New York license plate number T756387C.

207. At all times herein mentioned and on July 17, 2018, VICTOR A. ALMANZAR CUEVAS operated the subject vehicle as an employee of Defendant, LYFT, INC.

208. At all times hereinafter mentioned, VICTOR A. ALMANZAR CUEVAS, operated and controlled the aforesaid motor vehicle during the course of employment with Defendant, LYFT, INC.

209. At all times herein mentioned, and on July 17, 2018, VICTOR A. ALMANZAR CUEVAS, operated and controlled the aforesaid motor vehicle in the capacity of a driver for Defendant, LYFT, INC., an international company providing car services "on demand" for millions of riders annually.

210. At all times herein mentioned, Defendant LYFT, INC, was doing business as "Lyft."

211. At all times herein mentioned, and on July 17, 2018, VICTOR A. ALMANZAR CUEVAS signed a contract with Defendant, LYFT, INC., that enabled him to become a Lyft driver and access software that enabled him to receive requests for Lyft rides by passengers.

212. At all times herein mentioned, and on July 17, 2018, VICTOR A. ALMANZAR CUEVAS, paid for and downloaded proprietary software of defendant, LYFT, INC., that enabled him to communicate with and transport passengers also using LYFT, INC. proprietary software.

213. Defendant, LYFT, INC., controlled the manner in which VICTOR A. ALMANZAR CUEVAS provided services as a Lyft driver.

SACCO & FILLAS, LLP

214.     Without his contract with Defendant, LYFT, INC., and permission to use proprietary software which provided passengers for fares, VICTOR A. ALMANZAR CUEVAS, would not have been able to serve as a Lyft driver.

215.     VICTOR A. ALMANZAR CUEVAS depended upon the business of Defendant, LYFT, INC., for opportunities to provide services as a Lyft driver.

216.     As a Lyft driver, VICTOR A. ALMANZAR CUEVAS was subject to the control of Defendant, LYFT, INC., through its policies, procedures and its proprietary software.

217.     Defendant, LYFT, INC., required that VICTOR A. ALMANZAR CUEVAS, post a sign on the motor vehicle that he operated as a Lyft driver with the logo "Lyft" on it that was viewable from outside of the subject vehicle to a passerby, pedestrian and/or Lyft customer/rider.

218.     Utilizing proprietary software, defendant, LYFT, INC., controlled and limited the geographic range or "territory" in which VICTOR A. ALMANZAR CUEVAS could operate as a Lyft driver. By agreement with Lyft drivers, a driver's "territory" means the city of metro area in the United States in which he or she is enabled by the "Drive App" to receive requests for transportation services.

219.     VICTOR A. ALMANZAR CUEVAS worked for Defendant, LYFT, INC., pursuant to a contract and worked pursuant to that contract on the date and time of the subject accident described below.

220.     Defendant, LYFT, INC., enters into contracts with drivers so that they may use LYFT, INC's software applications to perform their functions as Lyft drivers.

221.     Defendant, LYFT, INC., executes contracts that enable drivers to use its software. Without the usage of software, drivers like VICTOR A. ALMANZAR CUEVAS, could not become Lyft drivers of perform their functions as Lyft drivers.

SACCO & FILLAS, LLP

222. Using the application technology of defendant, LYFT, INC., drivers like VICTOR A. ALMANZAR CUEVAS, are able to accept requests for transportation from potential riders.

223. Defendant, LYFT, INC., issues receipts to drivers upon bringing Lyft passengers to their destination.

224. Defendant, LYFT, INC., coordinates payments to drivers such as VICTOR A. ALMANZAR CUEVAS.

225. Defendant, LYFT, INC., developed, distributed and relied upon proprietary software program(s) to operate a transportation business.

226. VICTOR A. ALMANZAR CUEVAS's contract with Defendant, LYFT, INC. prohibited him from declining a fare based upon the requested destination.

227. Through operation of the Lyft software application, VICTOR A. ALMANZAR CUEVAS was not advised of a new passenger's destination until that passenger was picked up.

228. Defendant, LYFT, INC. conducts background checks of candidates before allowing them to serve as Lyft drivers, and continues making background checks of its Lyft drivers thereafter.

229. Defendant, LYFT, INC. does not require that its drivers have unique skills of the type that independent contractors would.

230. Defendant, LYFT, INC. provides training to its drivers.

231. Defendant, LYFT, INC., provided training to VICTOR A. ALMANZAR CUEVAS, on or before July 17, 2018.

232. Defendant, LYFT, INC., assists its drivers in securing the needed clearance and licenses to drive.

233. Defendant, LYFT, INC., assisted VICTOR A. ALMANZAR CUEVAS in securing the needed clearance and licenses to drive as a Lyft driver.

FILED: KINGS COUNTY CLERK 06/30/2021 03:56 PM    INDEX NO. 516094/2021

NYSCEF DOC. NO. 1    Case 1:21-cv-04498-DG-RML    Document 1-1    Filed 08/10/21    Page 30 of 36 PageID #: 36    RECEIVED NYSCEF: 06/30/2021

234.    In New York, Defendant, LYFT, INC., assists its drivers in securing licenses from the Taxi and Limousine Commission ("TLC").

235.    Defendant, LYFT, INC., assisted VICTOR A. ALMANZAR CUEVAS in securing licenses from the Taxi and Limousine Commission ("TLC").

236.    Defendant, LYFT, INC, provides its drivers with a medical examination mandated by the TLC.

237.    Defendant, LYFT, INC., provided VICTOR A. ALMANZAR CUEVAS with a medical examination mandated by the TLC on or before July 17, 2018.

238.    Defendant, LYFT, INC., mandated that VICTOR A. ALMANZAR CUEVAS maintain liability insurance at minimum levels required by state and local law.

239.    To encourage the recruitment of drivers, Defendant LYFT, INC., offers guaranteed monthly wages to drivers.

240.    Defendant LYFT, INC. guaranteed a monthly wage to VICTOR A. ALMANZAR CUEVAS on or before July 17, 2018.

241.    Defendant LYFT, INC. dictated how much compensation VICTOR A. ALMANZAR CUEVAS was to receive from a ride.

242.    While working as a Lyft driver, VICTOR A. ALMANZAR CUEVAS could not dictate the price of a passenger's trip.

243.    Defendant, LYFT, INC., dictated the rates passengers transported by VICTOR A. ALMANZAR CUEVAS were charged.

244.    Defendant, LYFT, INC., could change the rates charged to passengers transported by Lyft drivers at any time, and advised its drivers that it reserves the right to do so.

SACCO & FILLAS, LLP

245.    Defendant, LYFT, INC., provided the electronic means by which passengers would request travel with Lyft using VICTOR A. ALMANZAR CUEVAS as a driver.

246.    Defendant, LYFT, INC., provides Lyft passengers with the opportunity to review and "rate" Lyft drivers such as VICTOR A. ALMANZAR CUEVAS, Ratings and reviews are completed utilizing proprietary software, accessed by passengers via smartphone or computer.

247.    Defendant, LYFT, INC., requires that Lyft drivers such as VICTOR A. ALMANZAR CUEVAS, to maintain what they call a "minimum average rating" from passengers. If Lyft drivers do not maintain such a rating, they lose access to defendant, LYFT, INC.'s proprietary software, and accordingly, the ability to earn money from transporting passengers.

248.    Based on the foregoing, Defendant, LYFT, INC., sets the terms and conditions of VICTOR A. ALMANZAR CUEVAS's services as a Lyft driver and must be considered to be his employer for the purposes of assessing and imposing vicarious liability.

249.    The limitations on liability set forth in CPLR § 1601 do not apply to this action.

250.    The limitations on liability set forth in CPLR § 1601 do not apply to this section because one or more of the exemptions in CPLR § 1602 apply, including but not limited to § 1602(6) and § 1602(7).

251.    At all times herein mentioned, and on July 17, 2018, the motor vehicle operated by VICTOR A. ALMANZAR CUEVAS, cam into contact with the vehicle the plaintiff was a passenger in at or near the intersection of Williams Place and Herkimer Street in Brooklyn, NY.

252.    At all times herein mentioned Williams Place and Herkimer Street in Brooklyn, NY were public roadways and/or thoroughfares.

SACCO & FILLAS, LLP

Case 1:21-cv-04498-DG-RML Document 1-1 Filed 08/10/21 Page 32 of 36 PageID #: 38

253.    The contact between the vehicles was caused wholly and solely by reason of the negligence of Defendants and without any fault of negligence on the part of Plaintiff contributing thereto.

254.    The occurrence was caused solely and wholly by reason of the negligence, carelessness and recklessness of Defendants in the ownership, operation, management, maintenance, supervision, repair use, care, control and /or negligent entrustment of the motor vehicle; in failing to keep said motor vehicle under proper, prudent and reasonable control; in operating said motor vehicle at an excessive, unreasonable and unlawful rate of speed under the conditions and circumstances prevailing at or prior to the occurrence; in failing to obey traffic control devices then and there prevailing; in driving said motor vehicle without due care or regard for other vehicles; in failing to keep a proper look out; in failing to observe what was available to be observed; in striking the plaintiff's vehicle; in failing to observe the roadway; in failing to keep a safe and proper distance; in failing to yield the right of way; in failing to sound a warning; in negligently causing said motor vehicle to violently strike the plaintiffs motor vehicle; in causing and permitting said motor vehicle to be operated in a manner contrary to, and in violation of, the statutes, codes, ordinances rules and regulations then and there prevailing; in failing and omitting to stop, turn or take proper evasive measures in order to avoid the aforesaid contact and collision between said motor vehicle and Plaintiff's motor vehicle although Defendants had a full opportunity to avoid same; in failing and omitting to obey and comply with the rules of the road; in failing to operate said motor vehicle with due regard for the safety of others; in failing to make prompt and timely use of brakes, signaling devices and/or steering mechanisms; in failing to have adequate and efficient brakes; in failing to have adequate and efficient tires; in operating said motor vehicle in such a negligent manner so as to precipitate the aforesaid occurrence; in failing to use and/or properly use an audible signal; in failing

Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 33 of 36 PageID #: 39

to utilize proper vehicle illumination; in failing to slow down said motor vehicle; in failing to observe signs, signals and/or traffic control devices at the time and place of the occurrence; in failing to utilize a "hands free" mobile telephone or communication device; in utilizing an electronic device that distracted Defendant, VICTOR A. ALMANZAR CUEVAS, from the safe operation of said motor vehicle; in operating said motor vehicle with an obstructed view; in negligently hiring, training, instructing and/or supervising their agents, servants and/or employees; and in failing and omitting to take prompt, proper and suitable precautions for Plaintiff's safety.

255.    Defendant, LYFT, INC. is vicariously liable for the injuries and damages caused by the negligence of its employee, VICTOR A. ALMANZAR CUEVAS.

256.    At the time of the accident described above, VICTOR A. ALMANZAR CUEVAS acted in his capacity as an employee of Defendant, LYFT, INC. and within the scope of his duties by transporting passengers who had used Defendant's proprietary software to request Lyft transportation services.

257.    By reason of the foregoing, plaintiff sustained severe and permanent personal injuries; and plaintiff was otherwise damaged.

258.    By reason of the foregoing, the plaintiff has been damaged in a sum which exceeds the jurisdictional limits of any lower court which would otherwise have jurisdiction.

**WHEREFORE,** plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

A. Judgment awarding damages in the First Cause of Action in an amount to be determined by a jury at trial, with interest, together with the costs and disbursements of this action;

B. Judgment awarding damages in the Second Cause of Action in an amount to be determined by a jury at trial, with interest, together with the costs and disbursements of this action;

SACCO & FILLAS, LLP

Case 1:21-cv-04498-DG-RML Document 1-1 Filed 08/10/21 Page 34 of 36 PageID #: 40

C.  Judgment awarding damages in the Third Cause of Action in an amount to be determined by a jury at trial, with interest, together with the costs and disbursements of this action;

D.  Judgment awarding damages in the Fourth Cause of Action in an amount to be determined by a jury at trial, with interest, together with the costs and disbursements of this action;

E.  Judgment awarding damages in the Fifth Cause of Action in an amount to be determined by a jury at trial, with interest, together with the costs and disbursements of this action; and,

F.  Interest, the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: Astoria, New York
      June 25, 2021

By: Kurt Doiron, Esq.
**SACCO & FILLAS, LLP**
*Attorneys for Plaintiff*
31-19 Newtown Avenue
Seventh Floor
Astoria, New York 11102
Tel: (718) 746-3440
Our File # 21369-18

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

DONNELL WILLIAMS,

                 Plaintiff,

     -against-

UBER TECHNOLOGIES, INC., UBER USA, LLC and
RAISER-NY, LLC.,

                 Defendant.

Index No.:

**ATTORNEY'S
VERIFICATION**

---

     Kurt Doiron, Esq., an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

     I am of the firm of SACCO & FILLAS, LLP, the attorneys of record for the plaintiff.

     I have read the foregoing **SUMMONS and VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge except as to the matters therein stated to be alleged on information and belief and that as to those matters, I believe them to be true.

     This verification is made by affirmant and not by plaintiff because she is not in the County of Queens, which is the County where your affirmant maintains offices.

     The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge are correspondence had with the said plaintiff, information contained in the said plaintiff's file, which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Astoria, New York
      June 25, 2021

                               Kurt Doiron, Esq.

Case 1:21-cv-04498-DG-RML   Document 1-1   Filed 08/10/21   Page 36 of 36 PageID #: 42

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

                                        Index No.:

DONNELL WILLIAMS,
                       Plaintiff,

     -against-

UBER TECHNOLOGIES, INC., UBER USA, LLC and
RAISER-NY, LLC.,

                    Defendant.

## SUMMONS and VERIFIED COMPLAINT

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed documents are not frivolous.

  *Dated: Astoria, New York*
      *June 25, 2021*

                            *Signature:* _____
                                      *Kurt Doiron, Esq.*

*SACCO & FILLAS, LLP*
*Attorneys for Plaintiff*
*31-19 Newtown Avenue*
*Seventh Floor*
*Astoria, New York 11102*
*Tel: (718) 746-3440*
*Our File # 21369-18*